IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SCOTT LYNN FISHBEIN, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:21-CV-1005-P |
| § | (NO. 4:20-CR-084-P) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Scott Lynn Fishbein, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:20-CR-084-P, and applicable authorities, finds that the motion should be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On May 1, 2020, movant was named in a one-count information charging him with enticement of a child, in violation of 18 U.S.C. § 2422(b). CR Doc.[1] 13. Movant and his counsel signed a waiver of indictment, CR Doc. 15, and a factual resume. CR Doc. 16. On May 13, 2020, movant entered a plea of guilty to the offense charged. CR Doc. 18. The probation officer prepared the presentence report, which reflected that, based on a total offense level of 32 and a criminal

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-CR-084-P.

1

history category of I, movant's guideline imprisonment range was 121 to 151 months. CR Doc. 24, ¶ 79. Movant was sentenced to a term of imprisonment of 151 months. CR Doc. 34. He did not appeal. He later filed a motion for reduction of sentence, which was denied. CR Doc. 40.

## II.    GROUNDS OF THE MOTION

Movant urges four grounds in support of his motion, worded as follows:

GROUND ONE: Incompetant [sic] lawyer

GROUND TWO: Prosecutor

GROUND THREE: Judge

GROUND FOUR: Family Caregiver

Doc.[2] 1 at PageID[3] 4–6, PageID 8. As supporting facts in each instance, movant includes conclusory lists of alleged deficiencies. *Id.*

## III.    APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers of the document.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

## B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant

3

must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

In support of his first ground, movant lists eleven alleged shortcomings of his attorney, beginning with "didn't try to get me out on bond." Doc. 1 at PageID 4. None of the allegations comes close to supporting a claim for ineffective assistance of counsel. Conclusory allegations do not raise a constitutional issue in a federal habeas proceeding. *Miller*, 200 F.3d at 282. The closest movant comes to stating a potential claim is to say that his attorney told him "the 10 year min. was maditory [sic]." Doc. 1 at PageID 4. Of course, the minimum sentence was ten years, as set forth in the factual resume movant signed. CR Doc. 16. Movant testified under oath at arraignment that he understood this to be the case. CR Doc. 43 at 25–26.

Under the headings "Prosecutor" and "Judge" in support of his second and third grounds, movant again includes conclusory lists. Doc. 1 at PageID 5–6, PageID 14. None of the complaints raises an allegation of misconduct, but even if they did, movant is barred from raising them here as he did not appeal. *Shaid*, 937 F.2d at 231–32.

Finally, in support of his fourth ground, movant says that he was not allowed to present testimony regarding his role as family caregiver. Doc. 1 at PageID 8. This claim does not raise a constitutional issue and may not be pursued here. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). In any event, this allegation is belied by the record. Movant's counsel stated at sentencing that movant was a caregiver for his family and provided for them financially. CR Doc.

4

42 at 8. He pointed out that movant's mother and sister were present in court and had written letters on his behalf. *Id.* at 7–8. The Court acknowledged having received and read the letters. *Id.* at 7. And, movant himself spoke about his caregiver role in addressing the Court. *Id.* at 11–12.

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **7th day** of **February, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE